IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSE A. CRUZ-GONZALEZ**, <br> Petitioner, <br><br> v. <br><br> **JOSE NEGRON-FERNANDEZ, et., al.,** <br> Respondents. | \* <br> \* <br> \* <br> \* <br> \* **CIVIL NO. 14-1024(DRD)** <br> \* <br> \* <br> \* <br> \* |

## **OPINION & ORDER**

Before the Court is Petitioner Jose A. Cruz-Gonzalez's (herein after "Petitioner" or "Cruz-Gonzalez") complaint under 42 U.S.C. Sec. 1983 filed on January 9, 2014,(D.E. #2)[1]. On April 29, 2014, Respondents filed a Motion to Dismiss Habeas for Lack of Jurisdiction and Failure to State a Claim (D.E. #12). May 16, 2014, Petitioner filed a Response to the Motion to Dismiss (D.E. #15). For the reasons discussed below, the Court finds the Petitioner's complaint under 42 U.S.C. Sec. 1983 shall be **DISMISSED.**

## **INTRODUCTION**

Petitioner Jose A. Cruz-Gonzalez a state prisoner presently confined in a penal institution of the Commonwealth of Puerto Rico, has filed a pro se complaint for alleged violations to his Rights pursuant to 42, U.S.C. Sec. 1983 (D.E. #2). Petitioner filed this complaint before federal court alleging that the Department of

---

[1] D.E. is an abbreviation of docket entry number.

Civil No. 14-1024(DRD)                                              Page 2

Correction and Rehabilitation (DCR)erred in not applying the bonuses as established by Puerto Rico Law 116 of June 22, 1974 as amended. Cruz-Gonzalez alleges that said bonuses are applicable to his previously imposed sentence of ninety nine (99) years, and by not having them applied Petitioner is being deprived of a reduction in his term of incarceration (D.E. #2).

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 30, 1989, Cruz-Gonzalez was sentenced to a fixed term of imprisonment of ninety nine (99) years[2]. The sentenced imposed by the Superior Court of Arecibo was a result of Petitioner's conviction of first degree murder (D.E. #16-1). Cruz-Gonzalez was sentence in accordance with the Puerto Rico Penal Code of 1974 and Law 116 of June 22, 1974[3] (D.E. #16-1). Petitioner's sentence was done before Law No. 116 was amended in order for it to be in agreement with the new Penal Code of 2004 which included the adoption of a new bonus system that would benefit the correctional population who were at the time serving sentenced under different penal codes and laws, (D.E. 16-1 at p. 2).

On January 2, 2013, Cruz-Gonzalez requested that the

---

[2] The Court notes that all background information has been taken from the opinion issued by the Puerto Rico Court of Appeals in Cruz-Gonzalez v. Administration of Correction, Case No. 7-94892, KLRA 2001300167, of June 28, 2013, included in this case docket as docket entry 16-1.

[3] At the time of sentencing, this was the applicable code.

Civil No. 14-1024(DRD)                                              Page 3

Department of Correction and Rehabilitation, by way of administrative remedy F1-01-13,"the bonus specified in law 44 of 2009 be applied to the sentence minimum" (D.E. 16-1 at p. 2). On January 28, 2013, the Administrative Remedies Division issued an answer in which it stated that the "calculation of his (Petitioner's) sentence is in agreement with the established laws and/or regulations" (D.E. 16-1 at p.2).

On February 5, 2013, Cruz-Gonzalez requested from the Regional Coordinator of the Administrative Remedies Division, reconsideration of said answer. Petitioner based said reconsideration on the fact that the bonuses were applied to the ninety nine (99) years sentence of another inmate Wilfredo Sanchez-Rodriguez. Petitioner alleged that Sanchez-Rodriguez received said bonuses in accordance with Law 44-2009. Cruz-Gonzalez argued that all inmates who were sentenced before July 20, 1989, to a term of ninety nine (99) years of incarceration were eligible to receive the bonuses. This would include Petitioner. The Regional Coordinator denied the motion for reconsideration based on the same grounds as those expressed by the Administrative Remedies Division (D.E. 16-1 at p.3).

Cruz-Gonzalez proceeded to file a judicial review to the Puerto Rico Court of Appeals, requesting that the court reverse the Resolution of January 28, 2013, issued by the Administrative Remedies Coordinator in which his request for application of bonuses was denied. Cruz-Gonzalez

argued that the DCR erred in failing to apply the bonuses to which he had a right to the "minimum" of his sentence amounting to ninety nine (99) years. Petitioner alleged that the DCR interpreted the law incorrectly (D.E. 16-1 at p. 3).

On June 23, 2013, The Puerto Rico Court of Appeals, issued it ruling that "the Department of Correction and Rehabilitation has not erred when calculating the bonuses nor has the Regional Coordinator erred by affirming the answer stating no" (D.E. 16-1 at p. 13). Not satisfied, Petitioner filed a Petition for Certiorari before the Supreme Court of Puerto Rico (D.E. 12-2). While said Petition for Certiorari was pending Cruz-Gonzalez proceeded to file on January 9, 2014, the 1983 complaint currently pending before this Court (D.E. 2).

In the complaint before this Court Petitioner does not raise any new or additional arguments than those raised at the state court level, he merely reinstates what he has been stating since his first administrative filing. That is, that he is entitled to the application of bonuses to his fixed sentence of ninety nine (99) years. Petitioner request that this Court order the DCR to apply said bonuses to his sentence and send Petitioner before the parole board so he may be evaluated to complete his sentence in the free

community [4].

**DISCUSSION**

**Standard of Claims under 42, <u>United States Code</u>, Section 1983.**

In order to have a valid claim pursuant to 42, <u>United States Code</u>, Section 1983, three elements must be alleged by plaintiff before said claim is cognizable. (1) Plaintiff must allege that the conduct complained about was committed by a person acting "under color of state law;"[5] (2) that the conduct in question "deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States";[6] (3) finally, there has to be a showing of a casual connection between the specific defendants and the plaintiff's federal rights deprivation. This may consist of direct acts by the defendant, certain acts performed at defendant's direction, knowledge or consent. Each defendant individually responds for his own acts and omission in light of his own duties.[7]

To prevail in a section 1983 claim, Plaintiff "must allege facts sufficient to support a determination (I) that

---

[4] Cruz-Gonzalez also request an unspecified amount of monetary compensation as damages caused by DCR non application of the bonuses to his sentence.

[5] See <u>Gomez</u> v. <u>Toledo</u>, 446 US 635 (1980).

[6] See <u>Parrat</u> v. <u>Taylor</u>, 451 US 527 (1981).

[7] <u>Coon</u> v. <u>Ledbetter</u>, 780 F.2d 1158 (5th Cir 1986); <u>Rizzo</u> v. <u>Goode</u>, 423 U.S. 363, (1976).

the conduct complained of has been committed under color of state law and (ii) that alleged conduct caused a denial of rights secured by the Constitution or laws of the United States." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 32 (1st Cir. 1996). As an additional corollary, only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable. Febus-Rodríguez v. Betancourt-Lebrón, 14 F.3d 87, 91-92 (1st Cir. 1994).

The second prong of section 1983 itself has two elements. The first element requires that there was, indeed, a deprivation of rights, privileges or immunities secured by the United States Constitution or laws. Votour v. Vitale, 761 F.2d at 819.

The second element of the second prong, the causation element, has three components. First, plaintiff must show, that each of the acts or omissions done by each defendant caused the deprivation of the rights at issue. Gutierrez-Rodríguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989); Figueroa v. Aponte-Roque, 864 F.2d 947, 953 (1st Cir. 1989). Second plaintiff must show, that the defendants' conduct or lack thereof was intentional, grossly negligent, or must have amounted to a reckless or callous indifference to the constitutional rights of others. Velázquez-Martínez v. Colón, 961 F. Supp. 362(D.P.R. 1997). Lastly, plaintiff must show an "affirmative link between the street-level misconduct and the action or lack thereof, of supervisory

Civil No. 14-1024(DRD)                                              Page 7

officials. Gutierrez-Rodríquez, 882 F.2d at 562.

In the case at hand, Cruz-Gonzalez is claiming a violations of his civil rights pursuant to section 1983 based on alleged error by the DCR in not applying bonuses to his ninety nine (99) year sentenced which in turn does not permit him to appear before the parole board. The problem is that Plaintiff's can not use the mechanism of a 1983 civil right claim to request what amounts to a reduction in sentence. What this Court has before it is an improperly filed writ for habeas relief under 28 U.S.C. Sec. 2254. This matter and how best to deal with it has been amply discussed by the Supreme Court.

### Section 1983 v. Habeas Corpus

As stated by the Supreme Court, this case lies at the intersection of the two most fertile sources of federal-court prisoner litigation-the Civil Rights Act of 1871 Rev. Stat. Sec. 1979, as amended, 42 U.S.C. 1983, and the federal habeas corpus statute, 28 U.S.C. 2254. Both of these provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, but they differ in their scope and operation, Heck v. Humprey 512 U.S. 477 at 480 (1994).

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court considered the potential overlap of these two provisions and held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier

release, even though such a claim may come within the literal term of Section 1983, (Heck at 481 citing Preiser at 488-490).

This Court is then faced with the preliminary determination as to whether Cruz-Gonzalez's claim is an actual tort claim thus a Section 1983 proceeding or a request for altering his time of confinement thus a habeas request pursuant to Section 2254.

Petitioner's sole allegation is that the DCR's failure to apply the bonus system to his sentence resulted in his having to continue to serve his ninety nine (99) year sentence without the benefit of a reduction in his time of incarceration. There is no doubt that Petitioner is solely challenging the duration of his sentence and as such his claim is a habeas request for relief pursuant to section 2254[8].

A state prisoner's challenge to the fact or duration of his confinement, based, as here, upon the alleged unconstitutional state administrative action, is just as close to the core of habeas corpus as an attack on the

---

[8] In Preiser the Supreme Court clearly established that a inmates alleging the depravation of their good conduct time credits was causing or would cause them to be in illegal physical confinement has a habeas 2254 claim, Preiser at 487. "Even if the restoration of the respondents' credits would not have resulted in their immediate release, but only in shortening the length of their actual confinement in prison, habeas corpus would have been their appropriate remedy habeas corpus relief is not limited to immediate release from illegal custody, but that the writ is available as well to attack future confinement and obtain future releases." *Id*. at 487.

Civil No. 14-1024(DRD) Page 9

prisoner's conviction, for it goes directly to the constitutionality of his physical confinement itself and seeks either immediate release from confinement or the shortening of its duration (See: Preiser at 489).

Section 1983 must yield to the federal habeas statute where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the core of habeas. By contrast, constitutional claims challenging confinement conditions fall outside of that core and may be brought under Section 1983 in the first instance, Nelson v. Campbell, 541 U.S. 637 (2004).

This Court is aware that along with Petitioner's request for an application of bonus to his sentence which would result in a lower sentence, Cruz-Gonzalez also claimed damages. However, the fact that Plaintiff is requesting damages does not change what is really a habeas petition into a tort action. Although damages are not an available remedy, in habeas petitions the Supreme Court has concluded that a Section 1983 suit for damages that would "necessarily imply" the invalidity of the fact of an inmate's conviction, or "necessarily imply" the invalidity of the length of an inmate's sentence, is not cognizable under Section 1983 unless and until the inmate obtains favorable termination of a state or federal habeas challenge to his conviction or sentence, Heck at 487. Such is the case of Cruz-Gonzalez.

Having established that what is before this Court is a request for habeas relief pursuant to Section 2254 and not a complaint for civil rights violation pursuant to Section 1983, this Cout is faced with the ever present exhaustion of state remedies requirement.

## STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to assert the defense of failure to state a claim upon which relief can be granted, before pleading, if a responsive pleading is allowed.  This is precisely what has been alleged by Respondents (D.E. #12).

However, under Section 12 (b)(2) "a complaint should not be dismissed for failure to state a claim unless it appears ... that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See* Bell Atlantic Corp. v. Twonbly, 127 S. Ct. 1955 (2007)

Pursuant to federal law, a prisoner who claims is being held by the state government in violation of the Constitution, or laws of the United States may file a civil law suit in federal court seeking a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254.

A federal court's review of a 28 U.S.C. Sec. 2254 petition is not a direct review of a state court's decision.  The petition is a separate civil suit considered a collateral relief.  The federal habeas corpus is not a constitutional, but rather a statutory relief codified in 28 U.S.C. Sec. 2254.

Prisoners in state custody who choose to collaterally challenge in a federal habeas proceeding their confinement are required to comply with the "independent and adequate state ground doctrine". This doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner has failed to meet a state procedure requirement." See Yeboah-Sefah v. Ficco 556 F.3d 53, 74-75(1st Cir.2009) ("failure to raise the claim in prior state proceeding barred the claim in federal court") citing Coleman v. Thompson, 501 U.S. 722, 730-31 (1991). As such Petitioner must meet two initial requirement.

First petitioner is required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings. The highest state court available must have a fair opportunity to rule on the merits of each and every claim which petitioner seeks to raise in federal court. In order to fulfill this exhaustion requirement, the petitioner must have fairly presented the substance of all of his federal constitutional claims to the highest state court. Levine v. Commissioner of Correctional Servs., 44 F.3d 121, 124 (2nd Cir. 1995). The state court must have been apprised of both the factual and legal base of those claims. Grey v. Hoke, 933 F.2d 117, 119 (2nd Cir. 1991).

The United States Supreme Court has held that in order to satisfy the exhaustion requirement a petitioner requesting federal habeas corpus review is required to

present claims to the state supreme court even when its review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). The burden of proving that a federal habeas claim has been exhausted in state court lies with the petitioner. Cruz-Gonzalez has not met this burden.

In the Commonwealth of Puerto Rico there is a clear two-tier system for post conviction relief. In order for Petitioner to exhaust his state court remedies, Cruz-Gonzalez must first file a Rule 192.1 motion pursuant to the Puerto Rico Rules of Criminal Procedure requesting the trial court to vacate, set aside, or correct the judgment (34, L.P.R.A. App. II Rule 192.1). An appeal may be filed from the subsequent denial of a Rule 192.1 motion. Once the appeal has been denied by the Puerto Rico Court of Appeals then Petitioner must file a writ of certiorari to the Supreme Court of Puerto Rico, Id. If the writ of certiorari is also denied then Cruz-Gonzalez must file a petition pursuant to section 1741 of the Code of Criminal Procedure requesting a writ of habeas corpus (34, L.P.R.A. Sections 1741-1743).

Pursuant to Puerto Rico law, in order for Cruz-Gonzalez to properly file a section 2254 petition for relief before this Federal Court, first he must have exhausted all the remedies to the point of having his petition of writ for habeas corpus pursuant to section 1741 of the Code of Criminal Procedure reviewed by the Supreme Court of Puerto Rico(34 L.R.P.R.A. section 1741).

A review of Petitioner's own filing, establish that at the time of his filing before this Court, January 9, 2014, Cuz-Gonzlaez had gone as far as filing before the Puerto Rico Court of Appeals (D.E. #2 at p. 10). Left at that this case would be dismissed for failure to exhaust state court remedies.

However, Respondents in their Motion to Dismiss (D.E. 12) make reference to and include the Puerto Rico Supreme Court's order dated January 24, 2014, denying Cruz-Gonzalez request for certiorari review (D.E. 12-2). There is no doubt, therefore, that at the time of Petitioner's filing he had filed a petition for certiorari which was still pending before the Supreme Court of Puerto Rico and he was therefore precluded from filing before this Court a Section 2254 habeas relief. If Petitioner had properly filed his claim as the habeas petition that it is, the same would have been summarily dismissed for failure to exhaust state remedies.

Cruz-Gonzalez by filing his request as a Section 1983 civil rights violation circumvented Section 2254 exhaustion requirement. A Section 1983 claim does not have said requirement. The core of Cruz-Gonzalez's claim is the denial of the opportunity to reduce his sentence and as such he has no other alternative than to file a request for habeas relief pursuant to Section 2254 and must prior to filing comply with the well established pre requisite exhaustion of state remedies. Petitioner has not complied.

Therefore, having established that this Court has before it a disguised 2254 request for habeas relief in the filing of a section 1983 complaint, it hereby dismisses the same without prejudice in order to allow Cruz-Gonzalez to properly comply with and file a habeas request for relief pursuant to section 2254 if he so chooses[9].

**CONCLUSION**

For the reasons stated, the Court concludes that petitioner **JOSE A. CRUZ-GONZALEZ**, is not entitled to proceed in his Section 1983 claim before this Court. Accordingly, it is ordered that petitioner **JOSE A. CRUZ-GONZALEZ's complaint** under 42 U.S.C. Sec. 1983 (D.E.#2), be and hereby is **DISMISSED WITHOUT PREJUDICE.**

The Court further **ADVISES CRUZ-GONZALEZ** that he may submit a Section 2254 request for habeas relief for the consideration of the Court, but after compliance with the requirement of exhaustion of administrative remedies.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st March 2015.

                                   s/Daniel R. Dominguez
                                   DANIEL R. DOMINGUEZ
                                   UNITED STATES DISTRICT JUDGE

---

[9] The Court has allowed this opportunity because it is faced with a pro-se litigant who does not necessarily have the full knowledge of the law and its applicability. This Court is giving Cruz-Gonzalez the benefit of the doubt and not even allowing the consideration that he proceeded with an improper filing in order to circumvent a pre requisite which at the time he knew he did not have.